1   Hugh A. McCabe, SBN 131828
    hmccabe@neildymott.com
2   Dane J. Bitterlin, SBN 246672
    dbitterlin@neildymott.com
3   NEIL, DYMOTT, FRANK, MCFALL,
        TREXLER, MCCABE & HUDSON
4   A Professional Law Corporation
    1010 Second Avenue, Suite 2500
5   San Diego, CA 92101-4959
    **P** 619.238.1712
6   **F** 619.238.1562

7   Attorneys for Defendant
    WORK LOSS DATA INSTITUTE, LLC
8

9                  **UNITED STATES DISTRICT COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**
10                 **SOUTHERN DIVISION – SANTA ANA**

11

12  ELECTRONIC WAVEFORM LAB          )   CASE NO. 8:15-CV-00794-AG (AGRx)
    INC., a Delaware corporation,    )
13                                   )   **DEFENDANT WORK-LOSS DATA**
                                     )   **INSTITUTE, LLC'S REPLY TO**
14          Plaintiff,               )   **PLAINTIFF'S OPPOSITION TO ITS**
                                     )   **MOTION TO DISMISS FOR**
15  vs.                              )   **FAILURE TO STATE A CLAIM**
                                     )   **UPON WHICH RELIEF MAY BE**
16                                   )   **GRANTED**
    WORK-LOSS DATA INSTITUTE,        )
17  LLC, a Texas Limited Liability   )   **[FED. R. CIV. P. 12(b)(6)]**
    Company,                         )
18                                   )
                                     )
19          Defendant.              )   Hearing Date:   August 24, 2015
                                     )   Hearing Time:   10:00 a.m.
20                                   )
                                     )   Judge: Hon. Andrew J. Guilford
21                                   )   Courtroom: 10D
                                     )
22                                   )   Magistrate Judge:
                                     )   Hon. Alicia G. Rosenberg
23                                   )

24

25  / / /

26  / / /

27

28  / / /

    Defendant Work Loss Data Institute's Reply to       **Case No. 8:15-cv-00794-AG-AGRx**
    Plaintiff's Opposition to its Motion to Dismiss

Defendant, Work Loss Data Institute ("WLDI"), submits the following Reply to Plaintiff's Opposition to WLDI's Motion to Dismiss Plaintiff's Complaint.

## I.

## PLAINTIFF'S CLAIM FOR VIOLATION OF THE LANHAM ACT SHOULD BE DISMISSED

### A. THE HEIGHTENED PLEADING REQUIREMENT OF RULE 9(B) APPLIES

Plaintiff argues Rule 9(b) should not apply, but in doing so fails to address any of the cases cited by WLDI in its Motion to Dismiss.  These cases, ignored by Plaintiff, establish that several District Courts within this circuit have applied Rule 9(b)'s heightened pleading requirements to claims brought under the Lanham Act. *See Ecodisc Tech. AG v. DVD Format/LogoLicensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1123-24 (C.D. Cal. 2009); *VIP Products, LLC v. Kong Co. LLC*, No. CV10-0998-PHX-DGC, 2011 U.S. Dist. LEXIS 3158, 2011 WL 98992, at *3-4 (D. Ariz. Jan. 12, 2011).

Instead of addressing this precedent, Plaintiff cites to a single case, *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, in support of its claim that Rule 9(b) does not apply to its Lanham Act claim. (Plaintiff's Opposition, 4:6:15)  Plaintiff correctly cites this case when it states "[n]either fraud nor mistake is an element of a Lanham Act false advertising claim" and that "nothing in the elements of a Lanham Act false advertising claim themselves triggers Rule 9's heightened pleading standard." *Id.* at

1

4:13-15 (emphasis added).  However, as the *LT Int'l* court noted, "that's not the end of the analysis…" because "[i]n the Ninth Circuit, there is more than one way to trigger Rule 9." *LT Int'l LTD*, supra, 8 F. Supp. 3d at 1244.  In fact, like WLDI did in its Motion to Dismiss, the *LT Int'l* court points out that "[m]any courts analyzing Lanham Act claims alleging 'misleading and false representations' by a business competitor have concluded that the Rule 9(b) standard nonetheless applied because the complaint was grounded in fraud." *Id.* at 1244-45.

Thus, merely including what Plaintiff refers to as "non-fraud based allegations" into a Lanham Act claim does not remove the heightened pleading requirement where, as here, that claim is grounded in fraud.  Moreover, Plaintiff misinterprets the law by suggesting that simply because the word "fraud" is not found in its Lanham Act cause of action it must not be grounded in fraud. *LT Int'l LTD*, supra, 8 F. Supp. 3d at 1244 ("LT's contention that its claim cannot qualify as grounded in fraud merely by its use of the word 'misrepresentation' is without merit because '[i]t is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement.'")  As the *LT Int'l* court so astutely noted:

Indeed, it is likely that most false advertising claims under §1125(a)(1)(B) will trigger Rule 9(b) scrutiny because the first prong of the standard requires alleging that the defendant made a 'false' statement and, thus, the plaintiff will allege either that a 'false' representation was

Defendant Work Loss Data Institute's Reply to Plaintiff's Opposition to its Motion to Dismiss

Case No. 8:15-cv-00794-AG-AGRx

made with the intent to deceive (fraud), or that the false representation

was made unwittingly, without the intent to deceive (mistake).

*Id.* at 1245, n. 16.

Here, Plaintiff's Lanham Act claim alleges both misrepresentation (Plaintiff's Complaint, ¶72) and deception (Plaintiff's Complaint, ¶76), thereby implicating Rule 9(b)'s particularity requirement.

Based on the authority cited by both WLDI and Plaintiff, Plaintiff's Lanham Act claim is subject to Rule 9(b)'s heightened pleading requirement.

## B. PLAINTIFF HAS FAILED TO SATISFY RULE 9(B)'S HEIGHTENED PLEADING REQUIREMENT

Plaintiff devotes a significant portion of its Opposition to regurgitating the contents of its Complaint regarding various historical ODG entries. (Plaintiff's Opposition, 7-14)   However, Plaintiff does not acknowledge the inadequacies described in WLDI's Motion to Dismiss; namely, the lack of factual support for the allegedly fraudulent and deceptive conduct.   Plaintiff's Complaint hinges on its contention that WLDI is involved in some grand conspiracy with various unnamed "outside parties," including "someone directly affiliated with a workmen's compensation insurance carrier" and "someone associated with the State of California." (Plaintiff's Complaint, ¶¶ 6, 38, 59.  In fact, Plaintiff alleges changes to the ODG were "the direct result of pressure from and/or collusion with outside parties…" (Plaintiff's Complaint, ¶ 59.)  Nevertheless, Plaintiff, apparently realizing

3

these allegations were pled in a manner that cannot possibly satisfy Rule 9(b), argues

in its Opposition that none of these facts are "necessary" to support its claims.

(Plaintiff's Opposition, 6:20-23.)    However, Plaintiff has alleged, in conclusory

fashion, that WLDI made misrepresentation and acted with the intent to deceive.

(Plaintiff's Complaint, ¶¶ 72, 76.)   Plaintiff's chronology of ODG revisions can

hardly, in and of itself, support Plaintiff's conclusory allegations of fraud and Plaintiff

has failed to plead with particularity any facts that might support misrepresentation or

an intent to deceive.[1]

Plaintiff cites to *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2015 U.S.

Dist. LEXIS 46817 (S.D. Cal. Feb. 3, 2015) in support of its argument.   However,

*Zest IP* is distinguishable from the instant case.   In *Zest IP*, the plaintiff was not

alleging false advertisement in the context of collusion with unknown third parties, as

is the case here.    Rule 9(b) requires Plaintiff to "state with particularity the

circumstances constituting fraud or mistake."    Plaintiff has included among the

circumstances constituting fraud the alleged communications, collusion, and/or

pressure involving outside and unnamed third parties.   Plaintiff should be required to

plead, with particularity, who it alleges WLDI communicated with (i.e. the name of

---

[1] Plaintiff contends in its Opposition that WLDI "fails to identify which element of
any of the claims is not supported" by the allegations in its Complaint. (Plaintiff's
Opposition, 15:14-15.)  To the contrary, WLDI has identified accusations of deceptive
conduct (Motion to Dismiss, 4:5-6), which per the authority relied upon by Plaintiff
will "likely… trigger Rule 9(b) scrutiny." *LT Int'l LTD*, supra, 8 F. Supp. 3d at 1245,
n. 16.

4

the individuals and/or entities), when they communicated, how many communications are alleged, and the substance of the alleged communications.

Plaintiff has characterized these communications as the impetus for the changes to the ODG and, as such, is required to plead them with particularity in light of the overwhelming authority applying Rule 9(b) to Lanham Act claims.

## II.

## PLAINTIFF'S CAUSE OF ACTION FOR TRADE LIBEL

## SHOULD BE DISMISSED

Plaintiff cites to a single case, *Franklin Fueling Sys. V. Veeder-Root Co.*, 2009 U.S. Dist. LEXIS 72953, in support of its argument that it does not have to plead specific pecuniary loss. Plaintiff contends the *Franklin* case supports its position because in that case the court found allegations of "lost sales and decrease market share sufficient to sustain [a] claim for trade libel." (Plaintiff's Opposition, 16:16-17.) However, the plaintiff in *Franklin* did not merely allege "lost sales" and "decrease market share," but instead specifically alleged "**decreased market share from 95% to 50%-75%**." *Franklin Fueling Sys.*, 2009 U.S. Dist. LEXIS 72953, at *17 (emphasis added).

Plaintiff also cites no authority for its contention that damages in a trade libel case need not be pled with specificity "where the circumstances don't lend themselves to a singular, mathematical calculation." (Plaintiff's Opposition, 16:13-14.) This was most certainly not the holding of the *Franklin* case cited by Plaintiff. To the contrary,

5

the ruling in *Franklin* was consistent with the authority cited by WLDI demonstrating

the requirement that damages be specifically stated when bringing a claim for trade

libel. *See Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d

1035 (C.D. Cal. 1998); *Leonardini v. Shell Oil Co.* (1989) 216 Cal.App.3d 547; *First*

*Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929 (N.D.

Cal. 2008); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 U.S. Dist.

LEXIS 156675 (C.D. Cal. 2014).  In fact, the *Franklin* court reaffirmed that damages

in a claim for trade libel must be specifically pled:

> Under federal pleading requirements, "when items of special damages
>
> are claimed, they shall be specifically stated." Fed. R. Civ. P. 9(g); see
>
> also New.Net, 356 F. Supp. 2d at 1113 (stating that with respect to
>
> special damages, "bare allegation of the amount of pecuniary loss is
>
> insufficient for the pleading of a trade libel claim"). Furthermore, if the
>
> plaintiff alleges special damages based on a general loss of customers,
>
> the plaintiff should prove "facts showing an established business, the
>
> amount of sales for a substantial period preceding the publication, the
>
> amount of sales subsequent to the publication, [and] facts showing that
>
> such loss in sales were the natural and probable result of such
>
> publication." New.Net, 356 F. Supp. 2d at 1113; see also Allen v. The
>
> Ghoulish Gallery, No. 06cv371 NLS, 2007 U.S. Dist. LEXIS 86224,
>
> *48-49 (dismissing the plaintiff's trade libel claim because he did not

6

show his sales numbers before and after the publication, and did not

prove that the statement caused any alleged decline in sales).

*Franklin Fueling Sys.*, 2009 U.S. Dist. LEXIS 72953, at \*17.

Plaintiff's Complaint contains only bare allegations of damages, the likes of which have been found lacking by other courts in this district. *See See Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035 (C.D. Cal. 1998); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 U.S. Dist. LEXIS 156675 (C.D. Cal. 2014).  Plaintiff must do more than merely allege "lost profits and damages to its business reputation and goodwill" or "damages to value as a going concern – the precise amount is presently unknown." (Plaintiff's Complaint, ¶¶ 84, 86.)  Furthermore, Plaintiff should not be allowed to skirt the pleading requirements simply because it believes it would be more convenient to provide this information through the discovery process.  Expediency is no substitute for the law.

### III.

### PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 SHOULD BE DISMISSED

Plaintiff takes issue with WLDI's reliance on *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), but at the same time mischaracterizes that reliance.  WLDI relies on *Kearns* because it affirms the application of Rule 9(b) to claims brought under Business and Professions Code §17200.   The case Plaintiff attempts to distinguish with *Kearns*, *Bronson v. Johnson & Johnson, Inc.*, 2013 U.S. Dist. LEXIS

7

1   151842 (N.D. Cal. Oct. 21, 2013), only reaffirms the fact that Rule 9(b) applies in this

2   case.  However, while the legal standard outlined in both cases applies here, the facts

3

4   at issue in both *Kearns* and *Bronson* are distinguishable and, accordingly, the ultimate

5   outcome in *Bronson*, upon which Plaintiff relies so heavily, will not necessarily be the

6   outcome when Rule 9(b) is applied to the allegations found in Plaintiff's Complaint.

7

8          As discussed above, Plaintiff's claims share a common foundation arising from

9   the bare allegation that WLDI made misrepresentations and intentionally deceived as

10   a result of collusion with outside parties.  In that sense, this case is factually

11   distinguishable from *Bronson*, where such allegations were absent.  As the Lanham

12

13   Act cause of action, Plaintiff should be required to plead, with particularity, who it

14   alleges WLDI communicated with (i.e. the name of the individuals and/or entities),

15

16   when they communicated, how many communications are alleged, and the substance

17   of the alleged communications.  Without this information, Plaintiff has not met its

18   burden under Rule 9(b).

19

20                                               **IV.**

21   **PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE**

22
     **WITH PROSPECTIVE ECONOMIC RELATIONS SHOULD BE DISMISSED**
23

24          As demonstrated, Plaintiff has failed to alleged facts sufficient to sustain causes

25   of action for violation of the Lanham Act, trade libel, and violation of Business and

26   Professions Code §17200.  Because Plaintiff is unable to allege a wrongful act that is

27

28

                                                8

independent of the alleged interference, Plaintiff's cause of action for intentional interference with prospective economic relations should be dismissed.

## V.

## <u>CONCLUSION</u>

As WLDI has demonstrated in its Motion to Dismiss, Plaintiff has failed to adequately plead any of its purported causes of action against WLDI.  As such, WLDI respectfully requests the Court grant its Motion to Dismiss.

Dated:  August 10, 2015

NEIL, DYMOTT, FRANK, MCFALL,
TREXLER, MCCABE & HUDSON
A Professional Law Corporation

By:   /s/ Hugh A. McCabe
        Hugh A. McCabe
        hmccabe@neildymott.com
        Dane J. Bitterlin
        dbitterlin@neildymott.com
        Attorneys for Defendant
        Work Loss Data Institute, LLC

Defendant Work Loss Data Institute's Reply to
Plaintiff's Opposition to its Motion to Dismiss

**Case No. 8:15-cv-00794-AG-AGRx**